

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CARLOS D. WILEY, | § | |
|          Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:24-3022-MGL |
| | § | |
| WAGNER APPLIANCE SALES, | § | |
|          Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE FOR FAILURE TO PROSECUTE**

      Plaintiff Carlos D. Wiley (Wiley), who is representing himself, filed this job-related race discrimination lawsuit against Defendant Wagner Appliance Sales (Wagner).

      The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court this case be dismissed for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 1, 2024, Wiley filed his objections on October 15, 2024, and Wagner filed its reply to the objections on October 16, 2024.  The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Here is a brief procedural history of this case leading up to the Magistrate's suggestion the Court dismiss this action for failure to prosecute:

| | |
|---|---|
| August 7, 2024 | Wagner filed its motion to dismiss for lack of personal jurisdiction. |
| August 8, 2024 | The Magistrate Judge filed a *Roseboro* Order, with an explanation of what a motion to dismiss is.  It also directed Wiley to file a response to Wagner's motion within thirty-one days of the date of the Order.  The Order informed Wiley, if he failed to respond adequately to the motion, the Court might grant Wagner's motion, which might end his case.  Wiley ignored the directive to file a response to Wagner's motion. |
| September 13, 2024 | The Magistrate Judge filed an Order directing Wiley "to advise the [C]ourt whether he wishe[d] to continue with this case and to file a response to the motion by September 27, 2024.  [Wiley was] further advised that if he fail[ed] to respond, the [Magistrate Judge would] recommend this case be dismissed for failure to prosecute."  Wiley failed to reply to this Order and again, neglected to file a response to Wagner's motion. |

Although Wiley titles his October 15, 2024, submission as a "Response to Motion to Dismiss[,]" Objections at 1, he altogether fails to address Wagner's arguments that the Court lacks personal jurisdiction over it.  Instead, he starts off by stating he is "writing . . . this letter to state that [he] would like to continue to move forward with the prosecution of my original case against Wagner Appliance Sales."  *Id*.  He also "ask[s] the [C]ourt to not grant the motion to dismiss and end my

case." *Id*. In the remainder of his one-page submission, he makes allegations of job-related race discrimination and complains about all the harm that has befallen him since being terminated. The Court liberally construes these statements as objections to the Report.

Twice, the Magistrate Judge ordered Wiley to file a response to Wagner's motion by a certain deadline: in the August 8, 2024, *Roseboro* Order and in a separate September 13, 2024, Order. And twice, Wiley ignored the Magistrate Judge's directives.

In addition, he neglected either to request an extension of time to file a response or to offer any excuse for his failure to do so.

Of course, "[p]ro se litigants are entitled to some deference from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th 1989).

In deciding whether dismissal for failure to prosecute is proper, "the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

First, Wiley is representing himself, so he has totally responsibility for the failure to file a response to Wagner's motion. Second, Wagner is, of course, prejudiced by the delay caused by Wiley's failure to respond to its motion. The continuing payment of attorney fees while this case drags on is just one example of that prejudice. The case hanging over Wagner's head while Wiley ignores the time limits in his lawsuit is another.

Third, concerning Wiley's "deliberately proceeding in a dilatory fashion[,]" *id.*, he deliberately ignored two Orders by the Magistrate Judge to respond to Wagner's motion by a certain deadline. And fourth, the Court thinks any less drastic measure than dismissal would be ineffective. In view of the Magistrate Judge's two warnings of dismissal if Wiley failed to file a response to Wagner's motion, the district court has little alternative to dismissal. Any other course would both put the credibility of the Court in doubt and invite abuse.

Therefore, for all these reasons, the Court will overrule Wiley's objections to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wiley's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. Consequently, Wagner's motion to dismiss is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 4th day of December, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Wiley is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4